**Randall Todd HOMAN, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C5–02–2125.

Court of Appeals of Minnesota.

June 24, 2003.

Jeffrey S. Sheridan, Strandemo, Sheridan & Dulas, P.A., Eagan, MN, for appellant.

Mike Hatch, Attorney General, Joel A. Watne, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge, HARTEN, Judge, and MINGE, Judge.

## OPINION

HARTEN, Judge.

Appellant challenges the district court's dismissal of his petition for reinstatement of his driver's license because he failed to appear for cross-examination at the hearing on his petition. Because we conclude that Minn.Stat. § 171.19 (2002) compels petitioners to appear for cross-examination at reinstatement hearings, we affirm.

sufficient evidence in record to justify departure, departure should be affirmed).

## FACTS

In 1993, appellant Randall Homan's driving privileges were reinstated on the condition of his total abstinence from alcohol and controlled substances. In March 2002, a trooper investigating the crash of appellant's car asked appellant if he had been drinking. Appellant admitted that he had had "a couple." The officer then administered a portable breath test and an Intoxylizer test, both of which indicated that appellant had consumed alcohol. When appellant's consumption of alcohol was reported to the department of public safety (the department), his driving privileges were cancelled.

Appellant then petitioned the department to have his privileges reinstated. At the beginning of the hearing on the petition, appellant's attorney told the district court that appellant was "accessible but not here." The attorney then called one witness: the trooper who had stopped appellant, administered the tests, and reported the results. After examining the trooper, the attorney informed the district court, "Petitioner rests."

The attorney for respondent department then called appellant "for cross-examination under the rules * * * and under the statute." Appellant's attorney responded:

[T]he statute does allow for cross-examination; however, cross-examination follows direct examination. I did not call [appellant]; therefore, [the state's attorney] should not be allowed to call him. Furthermore, * * * a plain reading of the statute, 171.19, simply says that the Petitioner may submit affidavits, comma, however the Petitioner must be present for cross-examination * * * [and] indicates if we had submitted a[n]

affidavit, yes, [appellant] would have to be here.

* * * *

* * * A plain reading with the comma is clear, your Honor, and * * * I would ask the Court to make a decision based upon the—the evidence heard.

The district court disagreed with the attorney's analysis of the law:

[The statute] does not say that the Petitioner must be here only if he presents evidence by affidavit. It says that the Petitioner must be present in person at the hearing for cross-examination. Petitioner not being here, the petition is denied.

Following the hearing, the district court made findings of fact:

7. Based upon the trooper's report of alcohol use, the Commissioner of Public Safety cancelled and denied all driving privileges effective April 19, 2002.

8. [Appellant] did not offer any evidence to contradict the trooper's report and testimony.

9. [Appellant] did not appear to face cross-examination regarding his qualifications for licensure, contrary to the requirements of Minn. Stat. § 171.19.

10. The only evidence before the Court establishes that [appellant] has consumed alcohol in violation of the total abstinence restriction.

The district court then concluded that:

[Appellant's] failure to appear and face cross-examination violates the requirements of Minn.Stat. § 171.1[9] and entitles the [department] to an order dismissing the petition.[1]

---

1. The statute actually referred to in the conclusion is Minn.Stat. § 171.10; we correct this obvious clerical error.

Based on this conclusion of law, the district court ordered the dismissal of appellant's petition.

## ISSUE

Does Minn.Stat. § 171.19 (2002) compel a petitioner to appear for cross-examination?

## ANALYSIS

■ Appellant argues that the district court misconstrued the statute. Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). Minn.Stat. § 171.19 (2002) provides:

> Any person whose driver's license has been refused, revoked, suspended, canceled, or disqualified by the commissioner * * * may file a petition for a hearing in the matter in the district court in the county wherein such person shall reside * * *, and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter for hearing upon 15 days' written notice to the commissioner, and thereupon to take testimony and examine into the facts of the case to determine whether the petitioner is entitled to a license or is subject to revocation, suspension, cancellation, disqualification, or refusal of license, and shall render judgment accordingly. * * * The petition shall be heard by the court without a jury * * *. The commissioner may appear in person, or by agents or representatives, and may present evidence upon the hearing by affidavit personally, by agents, or by representatives. The petitioner may present evidence by affidavit, *except that the petitioner must be present in person at such hearing for the purpose of cross-examination.*

(Emphasis added). The supreme court has construed the last sentence.

> Where a petitioner for reinstatement of a driver's license under § 171.19 does not appear at the hearing as required by the statute, but files affidavits, the district court may deny the petition for reinstatement.
>
> * * * *
>
> * * * Petitioner was * * * entitled to request a hearing under Minn. St. 171.19, which he did. Any defenses that he might have * * * could be brought forth in the hearing in district court. That statute makes it clear, however, that the driver must be present and make himself available for cross-examination. Petitioner chose to present his evidence solely by affidavit. * * * The failure of petitioner to appear at the hearing prevented the district court from resolving the ambiguities in the record. The petition for reinstatement of the license was thus correctly denied.

*Goldsworthy v. State, Dep't of Pub. Safety*, 268 N.W.2d 46, 47, 49–50 (Minn.1978).

Appellant attempts to distinguish *Goldsworthy* on the ground that there, the petitioner in that case presented evidence by affidavit but not in person, while here, appellant presented evidence neither by affidavit nor in person. But this is a distinction without a difference: appellant's failure to testify, to provide an affidavit, and to submit to cross-examination also "prevented the district court from resolving ambiguities in the record." *Id.* at 50. The district court's reading comports with the plain meaning of the statute and with *Goldsworthy.*

Finally, appellant argues that the district court should have "overruled" his counsel's objection and directed that appellant, who was "accessible," be called to the stand. But a review of appellant's counsel's statements to the court indicates that

he was not merely making an "objection" to calling appellant: he said that the state was not allowed to call appellant pursuant to Minn.Stat. § 171.19. Appellant's counsel did not seek appellant's testimony; nor did he request time to confer with appellant about testifying. The district court had no reason to order appellant's cross-examination sua sponte.

There was no error of law in the district court's decision to dismiss the petition because appellant did not appear for cross-examination.[2]

## DECISION

Minn.Stat. § 171.19 requires petitioners for reinstatement to appear for cross-examination. Because appellant failed to appear, the district court properly dismissed his petition.

**Affirmed.**

---

**2.** Appellant also challenges the constitutionality of Minn.Stat. § 171.19, but, because he confined his district court presentation to the statute's construction, not its constitutionality, constitutionality is not properly before the court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (a party may not obtain review by raising the same general issue litigated below under a different theory).